IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TIMOTHY J. ASHLEY, :
:
    Petitioner, :
:
v. : Civ. Act. No. 13-1849-LPS
:
DAVID PIERCE, Warden, and ATTORNEY :
GENERAL OF THE STATE OF DELAWARE, :
:
    Respondents. :

---

Timothy J. Ashley. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

March 31, 2017
Wilmington, Delaware

STARK, U.S.D.J.:

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Timothy J. Ashley ("Petitioner"). (D.I. 3) The State has filed an Answer in opposition. (D.I. 12) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I. BACKGROUND

In June 2010, Petitioner was indicted on ten charges: trafficking in cocaine; possession of a firearm during the commission of a felony ("PFDCF"); possession with intent to deliver cocaine ("PWITD"); possession of a firearm by a person prohibited ("PFBPP"); possession of ammunition by a person prohibited; maintaining a dwelling for keeping controlled substances; possession of cocaine within 1,000 feet of a school; second degree conspiracy; possession of cocaine; and possession of drug paraphernalia. (D.I. 12 at 2) On September 15, 2010, Petitioner pled guilty to PFDCF and attempted PWITD cocaine, in exchange for which the State dismissed the balance of the indictment. The Superior Court sentenced Petitioner to a total of eighteen years at Level V incarceration, to be suspended after serving four years, at decreasing levels of supervision. *See Ashley v. State*, 77 A.3d 271 (Table), 2013 WL 5310615, at *1 (Del. Sept. 19, 2013). Petitioner did not appeal that decision.

On October 13, 2010, Petitioner filed a *pro se* motion to withdraw his guilty plea, which the Superior Court denied on April 21, 2011. (D.I. 12 at 2) Petitioner did not appeal that decision.

On June 6, 2011, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion). (D.I. 12 at 2) The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See Ashley*, 2013 WL 5310616, at *2.

## II. LEGAL STANDARDS

When a state's highest court has adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. *See* 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). This deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011).

Finally, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1); *see also Appel*, 250 F.3d at 210. This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *see also Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas unreasonable application standard of § 2254(d)(2) applies to factual decisions).

### III. DISCUSSION

Petitioner appears to assert two grounds for relief: (1) the Delaware state courts' failure to appoint counsel to represent Petitioner during his Rule 61 proceeding deprived him of his constitutional right to counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012); and (2) defense counsel provided ineffective assistance during the plea process. The State contends that Claim One fails to present an issue cognizable on federal habeas review, and Claim Two fails to warrant relief under § 2254(d)(1).

#### A. Claim One: Failure to Appoint Counsel in State Collateral Proceeding

In Claim One, Petitioner contends that the Superior Court violated his Sixth Amendment right to counsel by not appointing an attorney to represent him during his Rule 61 proceeding. The Court concurs with the State's assertion that this claim does not present an issue cognizable on federal habeas review. According to well-settled precedent,[1] there is no constitutional right to the assistance of counsel in collateral proceedings, and the recent Supreme Court decision *Martinez v. Ryan* did not abrogate or modify that precedent. Rather, the *Martinez* Court held for the first time that the ineffective assistance of counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review proceedings, may establish cause in a federal habeas proceeding sufficient to excuse a petitioner's **procedural default** of a claim of ineffective assistance of trial counsel when, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding rather than on direct appeal. *Id.* at 17 (emphasis added). In other words, *Martinez* created a limited method for petitioners in federal habeas cases to prove cause for excusing their state court **procedural default** of certain ineffective assistance of counsel claims. Notably, however, and relevant to claim one, the *Martinez* Court explicitly declined to hold that a

---

[1] *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

criminal defendant has a constitutional right to postconviction counsel.[2] *Id.* at 1315. Thus, Petitioner's argument does not provide a basis for federal habeas relief.

### B. Claim Two: Ineffective Assistance of Counsel

Liberally reading Claim Two, the Court construes the Claim as asserting the same six ineffective assistance of counsel allegations Petitioner raised in his Rule 61 appeal: (1) defense counsel failed to investigate; (2) defense counsel erroneously advised Petitioner about the evidence; (3) defense counsel failed to file a suppression motion; (4) defense counsel did not prepare for trial; (5) on numerous occasions, defense counsel provided incorrect information; and (6) defense counsel failed to interview witnesses. *See Ashley*, 2013 WL 5310615, at *1. The Delaware Supreme Court denied the allegations of Claim Two as meritless. As a result, Petitioner will only be entitled to habeas relief for Claim Two if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine

---

[2]Additionally, since the sole ineffective assistance of counsel claim presented in this proceeding (i.e., Claim Two) was not procedurally defaulted and was adjudicated on the merits in Petitioner's post-conviction appeal, *Martinez*'s limited exception to the procedural default doctrine is irrelevant to determining if Claim Two warrants federal habeas relief.

confidence in the outcome." *Id.* at 688. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Notably, a state court's decision regarding an ineffective assistance of counsel claim is owed "double deference" when reviewed under § 2254(d)(1), because

> [t]he standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). **When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.**

*Richter*, 562 U.S. at 104-05 (emphasis added). When assessing the reasonableness of counsel's performance under *Strickland*, there "is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect," and "*Strickland* [] calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." *Richter*, 562 U.S. at 109-10. In turn, when assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* at 111-12. And finally, when viewing a state court's determination that a *Strickland* claim lacks merit

through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 101. In other words,

> [a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 103.

Turning to the § 2254(d) inquiry in this case, the Court notes that the Delaware Supreme Court analyzed Petitioner's ineffectiveness assistance of counsel claim pursuant to the *Strickland/Hill* standard. Therefore, the Delaware Supreme Court's decision is not contrary to clearly established law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause.").

The Court's inquiry is not over, because it must also consider if the Delaware Supreme Court reasonably applied *Strickland* in denying Petitioner's remaining ineffective assistance of counsel claim. The Delaware Supreme Court denied Claim Two because the record belied Petitioner's "vague assertions that his attorney was not prepared and provided incorrect advice," and Petitioner failed to "make any concrete allegations of either cause or prejudice." *Ashley*, 2013 WL 5310615, at *1. The Delaware Supreme Court also concluded that, in "the absence of clear and contrary evidence to the contrary, [Petitioner] is bound by his sworn statements [during the plea colloquy] that "he was satisfied with his counsel's performance," and that he was pleading voluntarily and knowingly because he was "in fact, guilty of the charged offenses." *Id.* at *2. For the following reasons, the Court concludes that the Delaware Supreme Court's decision did not involve an unreasonable application of *Strickland*.

First, Petitioner has not provided any clear and convincing evidence to rebut the Delaware Supreme Court's factual determination that Petitioner failed to demonstrate that his attorney was unprepared and provided incorrect advice. For instance, in his Rule 61 affidavit, defense counsel explains that he was prepared for Petitioner's preliminary hearing and provided actual dates on which he received and reviewed the discovery material. (D.I. 14 at 30, Ground One, ¶1) Defense counsel told Petitioner that the "State had a very strong case against him and that his defenses were very weak," and that he was "facing 11 to 95 years of incarceration, fines in excess of $354,600 and an 11 year revocation of his driver's license." (D.I. 14 at 34, Ground Three, ¶2) However, defense counsel successfully negotiated a plea bargain with the State which resulted in its recommending a four year sentence at Level V, three of which were the minimum mandatory. Defense counsel informed Petitioner of the plea offer and discussed the terms of the offer with him, which resulted in Petitioner being sentenced for a total of four years at Level V. *Id.*

Second, it is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, the transcript of Petitioner's plea colloquy contains his clear and explicit statements that he had discussed his case with defense counsel and that he was satisfied with his counsel's representation. (D.I. 14 at 8) Petitioner also understood that he faced a potential maximum sentence of forty years if his plea was not accepted, and that the Superior Court was not required to accept the State's recommended sentence (three years at Level V for the firearms charge (minimum mandatory), and fifteen years at Level V, suspended after one year, for the attempted possession charge). (D.I. 14 at 7-9) In turn, the Truth-In-Sentencing Guilty Plea Form signed by Petitioner indicates that he knowingly and voluntarily entered into his plea agreement; he had not been promised anything not contained in the plea agreement; he was not

forced or threatened to enter the plea agreement; and he knew he faced a possible maximum sentence of forty years for the offenses addressed in the plea agreement, with a minimum mandatory sentence of three years. (D.I. 14 at 129)

Petitioner's unsupported allegations in this proceeding fail to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Consequently, the Delaware State courts reasonably applied *Blackledge* in holding that Petitioner was bound by the representations he made during the plea colloquy and on the Truth-In-Sentencing form. Given this determination, Petitioner cannot demonstrate a reasonable probability that he would have gone to trial and would have been acquitted but for defense counsel's alleged failures. Accordingly, the Court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in denying Claim Two.

## IV.  CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V.     CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED** without an evidentiary hearing.  An appropriate Order will be entered.